```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL RAWLINS,

              Petitioner,

  -v.-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility, and
ERIC T. SCHNEIDERMAN,
New York State Attorney General,

              Respondents.
------------------------------------------------------------X

REPORT AND
RECOMMENDATION

09 Civ. 2554 (LTS) (JLC)

(Non-ECF Case)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Laura Taylor Swain, United States District Judge:**

    Petitioner Michael Rawlins ("Rawlins") seeks a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"), challenging his February 25, 2004 sentencing in Supreme Court, New York County. Rawlins contends that his sentencing to concurrent terms of 25 years to life imprisonment as a persistent felony offender ("PFO") under N.Y. Penal Law § 70.10 violated his constitutional rights to a jury trial and due process.[1] For the reasons stated below, I recommend that the Petition be DENIED.

---

[1] The New York Court of Appeals and the First Department, as well as the briefs for Rawlins and the Respondents, state that Rawlins was sentenced to concurrent terms of 15 years to life, see People v. Rawlins, 10 N.Y.3d 136, 141 (N.Y. 2008); People v. Rawlins, 37 A.D.3d 183, 184 (N.Y. App. Div. 2007), even though the trial court sentenced him to concurrent terms of 25 years to life, People v. Rawlins, 784 N.Y.S.2d 923, at *5 (N.Y. Sup. Ct. 2004) (table).

USDC SDNY
DATE SCANNED 9/21/2011

## I. BACKGROUND

### A. Procedural History

On February 25, 2004, following a jury trial in Supreme Court, New York County, Rawlins was convicted of six counts of burglary in the third degree. See Rawlins, 784 N.Y.S.2d at *1. His conviction was based on the burglaries of six commercial establishments in Manhattan between March 23, 2003 and May 5, 2003. Rawlins, 10 N.Y.3d at 141-42. Each burglary involved the taking of money from a cash register after a glass window or door had been shattered, and police officers recovered Rawlins' fingerprints at each establishment. Id. Burglary in the third degree is a class D felony, which carries a maximum sentence of seven years imprisonment. N.Y. Penal Law §§ 70.00, 140.20.

The People moved for the trial court to enhance Rawlins' sentence by adjudicating him a discretionary PFO under N.Y. Penal Law § 70.10 and N.Y. Criminal Procedure Law § 400.20. (Memorandum in Support of Finding Defendant a Persistent Felony Offender, dated Dec. 8, 2003). In his opposition, Rawlins argued that these statutes violate the Sixth Amendment, as interpreted by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Ring v. Arizona, 536 U.S. 584 (2002). (Memorandum of Law in Support of the Motion to Sentence Defendant as a Second Felony Offender, dated Jan. 2, 2004).[2] Rawlins further contended that the decision in Ring invalidated the New York Court of Appeals' decision in People v. Rosen, 96 N.Y.2d 329 (N.Y. 2001), which had upheld the State's PFO law. (Id.).

On February 4, 2004, the trial court held a hearing pursuant to N.Y. Crim. Proc. Law § 400.20 to determine whether to apply the discretionary PFO law. See Rawlins, 784 N.Y.S.2d at

---

[2] The Memorandum in Support of Finding Defendant a Persistent Felony Offender and the Memorandum of Law in Support of the Motion to Sentence Defendant as a Second Felony Offender can be found at Exhibit B to the Declaration of Assistant Attorney General Paul B. Lyons dated May 2, 2011 ("Lyons Declaration"). (Dkt. No. 14).

2

*1. On February 25, 2004, the trial court rejected Rawlins' constitutional arguments and sentenced him as a PFO to six concurrent terms of 25 years to life imprisonment. Id. at *5. In imposing an enhanced term pursuant to the PFO statute, the court, as directed by the statute, first determined that Rawlins qualified as a PFO based on his criminal history, which included a 1987 conviction of burglary in the third degree and a 1997 conviction of criminal possession of stolen property in the fourth degree. Id. at *4-5. Next, the court considered Rawlins' history of drug abuse and his age, underscoring that:

> [i]t is apparent, as defendant has admitted . . . , that defendant abuses drugs, and it is a reasonable inference that his criminality is in some fashion connected with his drug abuse. Yet, given the opportunity to present mitigating evidence, the defense declined: there is no indication before the court of any bona fide efforts by the defendant to deal with his addictions without resorting to crime. Accordingly, the person before the court is a defendant in his fifth decade who still persists in committing crimes.

Id. at *5. The court noted that Rawlins' New York State Identification Number ("NYSID") report indicated a history of bench warrants, violations of temporary release, and a parole violation, explaining that although the court was not permitted to rely on the NYSID report, "[t]he point is simply that the NYSID [report] does not present any mitigating features." Id. at *5 n.7.

Rawlins subsequently appealed to the Appellate Division, First Department, contesting the constitutionality of New York's PFO sentencing scheme, among other issues. (Brief for Defendant-Appellant, dated August 2006).³ On February 6, 2007, the First Department affirmed Rawlins' conviction and sentence, concluding that New York's discretionary PFO law is constitutional and "[t]he court properly exercised its discretion in sentencing [Rawlins] as a persistent felony offender." Rawlins, 37 A.D.3d at 185.

---

³ The Brief for Defendant-Appellant, dated August 2006, can be found at Exhibit A to the Lyons Declaration.

The Court of Appeals granted Rawlins leave to appeal on May 3, 2007. See People v. Rawlins, 8 N.Y.3d 989 (2007). On February 19, 2008, the Court of Appeals affirmed the conviction, "reject[ing] as meritless [Rawlins'] challenge to the constitutionality of New York's persistent felony offender sentencing scheme." Rawlins, 10 N.Y.3d at 158 (citing People v. Rivera, 5 N.Y.3d 61 (N.Y. 2005); Rosen, 96 N.Y.2d 329 (N.Y. 2001)).

On March 19, 2009, Rawlins, represented by counsel, filed a timely Petition in this Court against Robert Ercole, the superintendent of the Green Haven Correctional Facility, and New York Attorney General Eric Schneiderman (together, the "Respondents").[4] (Petition (Dkt. No. 2)).[5] Rawlins submits that he was improperly sentenced to an enhanced term as a PFO pursuant to N.Y. Penal Law § 70.10 and N.Y. Crim. Proc. Law § 400.20, in violation of his Sixth and Fourteenth Amendment rights. (Petitioner's Memorandum of Law in Support of Petition for a Writ of Habeas Corpus ("Pet'r's Mem.") at 17 (Dkt. No. 10)). He contends that the New York Court of Appeals' decisions in Rosen, Rivera, and People v. Quinones, 12 N.Y.3d 116 (N.Y. 2009), not only unreasonably applied Supreme Court precedent, but are also contrary to such precedent. (Pet'r's Mem. at 23). New York's PFO statute is unconstitutional, Rawlins argues, because it authorizes a judge to find facts in addition to a defendant's criminal history by a mere preponderance of the evidence, in violation of Apprendi and its progeny. (Pet'r's Mem. at 20).

---

[4] Pursuant to Fed. R. Civ. P. 25(d), Schneiderman, who currently serves as New York State Attorney General, has been substituted for former attorney general Andrew M. Cuomo, against whom this action was originally brought.

[5] The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations period for federal habeas corpus petitions that begins to run on the date the petitioner's state court conviction becomes final. 28 U.S.C. § 2244(d)(1). "A conviction becomes final for purposes of 28 U.S.C. § 2244(d) upon expiration of the ninety-day period to petition for a writ of certiorari to the United States Supreme Court." Pratt v. Greiner, 306 F.3d 1190, 1195 n.1 (2d Cir. 2002) (citations omitted). Because Rawlins' conviction became final on May 19, 2008, his Petition, filed on March 19, 2009, is timely.

Specifically, he asserts that the trial court's findings concerning Rawlins' "history and character" and "the nature and circumstances of his criminal conduct"—namely, his history of drug abuse and his persistence in committing crimes—violated the Apprendi rule that any fact necessary to impose an enhanced sentence beyond the maximum must be found by a jury. (Pet'r's Mem. at 20-21).

Additionally, Rawlins requested that the Petition be held in abeyance given that the Second Circuit's en banc decision in Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010), which upheld the constitutionality of New York's PFO law, had been appealed to the Supreme Court for a writ of certiorari. (Pet'r's Mem. at 24). The Court granted Rawlins' request and stayed the case until the Supreme Court issued a ruling on the writ. (Order, dated March 4, 2011 (Dkt. No. 12)). On March 21, 2011, the Supreme Court denied certiorari, Portalatin v. Graham, 131 S. Ct. 1693 (2011), and the Court ordered a revised briefing schedule shortly thereafter. (Order, dated April 11, 2011 (Dkt. No. 13)).

On May 2, 2011, Respondents filed an opposition to the Petition. (Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("Opp'n") (Dkt. No. 16)). Respondents argue that the Second Circuit's ruling in Portalatin requires the Court to reject Rawlins' legal argument and uphold the constitutionality of N.Y. Penal Law § 70.10. (See id. 11). Rawlins did not file a reply.

### B. New York's PFO Sentencing Scheme

N.Y. Penal Law § 70.10 defines a PFO as a "person, other than a persistent violent felony offender . . . who stands convicted of a felony after having previously been convicted of two or more felonies." § 70.10(1)(a). Each of the previous two felonies must have resulted in

5

imprisonment of more than one year, and the defendant must have been imprisoned "prior to the commission of the present felony." N.Y. Penal Law § 70.10(1)(b)(i)-(ii).

A court must engage in a two-prong analysis before sentencing a defendant to an enhanced term, and it may order a hearing to determine whether either prong has been satisfied. N.Y. Crim. Proc. Law § 400.20(1). Under the first prong, a court must conclude that a defendant qualifies as a PFO. N.Y. Crim. Proc. Law §§ 400.20(1)-(2). The People bear the burden at a hearing to prove, beyond a reasonable doubt, that a defendant was convicted of two prior felonies and therefore is a PFO. N.Y. Crim. Proc. Law § 400.20(5). Under the second prong, a court must decide whether the "history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." N.Y. Penal Law § 70.10(2); N.Y. Crim. Proc. Law § 400.20(1). The standard of proof for facts relating to the second prong is a preponderance of the evidence. N.Y. Crim. Proc. Law § 400.20(5).

In the end, the decision to impose an enhanced sentence under the PFO statute lies within the discretion of the sentencing judge. N.Y. Penal Law § 70.10(2); N.Y. Crim. Proc. Law § 400.20(10). If a court concludes that an enhanced sentence is warranted, it may impose an indeterminate sentence equivalent to that of a class A-I felony, which carries a minimum sentence of 15 to 25 years and a maximum of life imprisonment. N.Y. Penal Law §§ 70.00(3)(a)(i), 70.10(2).

The New York Court of Appeals has interpreted the PFO sentencing law in three key decisions: Rosen, 96 N.Y.2d at 329; Rivera, 5 N.Y.3d at 61; and Quinones, 12 N.Y.3d at 116. With respect to the first prong, the Court of Appeals has determined that two prior felony convictions are "the sole determinant" of whether a defendant is eligible for an enhanced

sentence as a PFO. Quinones, 12 N.Y.3d at 127; Rivera, 5 N.Y.3d at 66; see also Rosen, 96 N.Y.2d at 335. The hearing on facts relating to the defendant's history and character and the nature and circumstances of his criminal conduct may guide the discretion of the sentencing court in determining whether the enhanced term is warranted under the second prong of the PFO law. See Rivera, 5 N.Y.3d at 68. However, the hearing "does not grant defendants a legal entitlement to have those facts receive controlling weight in influencing the court's opinion." Id. N.Y. Penal Law § 70.10 therefore establishes a "recidivist sentencing scheme," which authorizes a court to enhance a defendant's sentence based solely on a finding of two prior felony convictions. Quinones, 12 N.Y.3d at 128.

## II. **DISCUSSION**

### A. **Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a court may not issue a writ of habeas corpus unless the relevant state-court decision was either (a) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[,]" or (b) "based on an unreasonable determination of the facts in light of the evidence presented" in the state court. 28 U.S.C. §§ 2254(d)(1)-(2); see also Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Rules of federal law are "clearly established" if they constitute the holdings of Supreme Court decisions at the time of the relevant state-court ruling. See 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000). A state-court ruling is "contrary to" or an "unreasonable application of" Supreme Court holdings if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite," or (3) "the state court identifies the

correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 405, 407.

The "unreasonable application" test requires a federal court to decide that a state court's application was "objectively unreasonable," and, to that end, a court may not grant habeas relief "simply because that court concludes . . . that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Renico v. Lett, 130 S. Ct. 1855, 1862 (2010) (quoting Williams, 529 U.S. at 409-11). Thus, the "unreasonable application" test is "a substantially higher threshold" than the standard for determining whether a state-court decision is merely incorrect. Schriro v. Landrigan, 550 U.S. 465, 473 (2007). Moreover, "the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow . . . . As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

### B. Clearly Established Federal Law Holds that Sentencing Enhancements Based on a Judicial Finding of Recidivism are Constitutional

The Supreme Court's holdings in Apprendi and its progeny constitute the "clearly established" federal law relevant to determining the constitutionality of New York's discretionary PFO statute. In Apprendi, the Supreme Court held that a New Jersey hate crime statute authorizing a judge to increase the maximum sentence based on a finding of fact regarding an element of the offense violated the defendant's Sixth Amendment rights. 530 U.S. at 492-95. However, the Court in Apprendi reaffirmed a critical exception to the rule for sentencing enhancements: Judges are permitted to make findings of fact about a defendant's prior criminal history and recidivism in deciding to increase a sentence beyond the statutory maximum (the "Apprendi maximum"). Id. at 496. The Supreme Court stated that, "[o]*ther than*

8

*the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added). In this way, the Court's opinion was consistent with its earlier ruling in Almendarez-Torres v. United States, 523 U.S. 224, 243-45 (1998), in which the Court originally carved out the recidivism exception to impermissible judicial fact finding at the sentencing stage. Indeed, the Court in Almendarez-Torres recognized that recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." Id. at 243.

Soon after Apprendi, the Supreme Court affirmed in Ring that the jury, not the judge, played the role of fact finder concerning certain enumerated factors that may aggravate sentencing. 536 U.S. at 609 (Arizona law authorizing trial judge to find aggravating factors necessary for imposing death penalty unconstitutional). In Blakely v. Washington, 542 U.S. 296, 303 (2004), the Court expanded the principle outlined in Apprendi and clarified that the statutory maximum sentence a judge may impose must be based only on facts reflected in the jury verdict or admitted by the defendant. Most recently, the Court in Cunningham v. California, 549 U.S. 270 (2007), struck down a sentencing scheme that authorized a judge to engage in fact-finding by a preponderance of the evidence to impose an enhanced sentence, in violation of the Sixth Amendment.

In sum, the Supreme Court has repeatedly affirmed the principles of Apprendi and reiterated the recidivism exception to the rule against judicial fact-finding when sentencing beyond the prescribed statutory range. See Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2581 n.3 (2010) (recognizing Almendarez-Torres exception for prior convictions); United States v. O'Brien, 130 S. Ct. 2169, 2174 (2010) (same); James v. United States, 550 U.S. 192, 214 n.8

(2007) (same); Shepard v. United States, 544 U.S. 13, 25 (2005) (same); United States v. Booker, 543 U.S. 220, 224 (2005) (same); Jones v. United States, 526 U.S. 227, 235 (1999) (same). As a result, "[t]he Court's repeated emphasis on the distinctive significance of recidivism leaves no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing." Jones, 526 U.S. at 249.

The Second Circuit, sitting en banc, held recently that New York courts have reasonably applied Supreme Court precedent in upholding class A-I felony sentences imposed under the state's PFO law. Portalatin, 624 F.3d at 90-94. Thus, the Second Circuit in Portalatin vacated its prior ruling in Besser v. Walsh, 601 F.3d 163, 169 (2d Cir. 2010), in which a panel struck down New York's PFO statute as a violation of the Sixth Amendment. The Second Circuit reasoned that because "state courts are the ultimate expositors of state law," the New York Court of Appeals' exposition of the PFO statute as authorizing a class A-I sentence based *solely* on the first prong of the analysis—a finding of recidivism—is controlling. Portalatin, 624 F.3d at 89-90 (quoting Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)) (internal quotation marks omitted). "[A]ny other facts upon which the sentencing judge chooses to rely cannot properly be understood as 'elements' of the underlying offense in terms of Apprendi, because they are not necessary factual predicates to the imposition of the sentence." Portalatin, 624 F.3d at 89. Therefore, the sentencing court's authority under the PFO statute to enhance a term based on a finding of prior felony convictions falls squarely within the Almendarez-Torres recidivism exception. See id. Moreover, even if the second prong of New York's PFO law required a judge to consider subsidiary facts about a defendant's criminal history to enhance a sentence, no clear

10

Supreme Court precedent requires a state court to construe the Almendarez-Torres recidivism exception narrowly. See id. at 92-93.

In any case, the PFO statute complies with the Sixth Amendment because it does not permit imposition of a sentence above the Apprendi maximum. See id. at 91. "[J]udicial factfinding that is undertaken to select an appropriate sentence *within* an authorized range—up to and including the Apprendi maximum—does not offend the Sixth Amendment." Portalatin, 624 F.3d at 88. The Apprendi maximum is the highest sentence a judge may impose based on factual predicates permitted under the Sixth Amendment, such as findings of recidivism. See Blakely, 542 U.S. at 303; Portalatin, 624 F.3d at 88. Under the Second Circuit's interpretation of New York's PFO statute, the Apprendi maximum for the statute is a class A-I felony sentence predicated on a finding of recidivism. See N.Y. Penal Law § 70.10(2). Therefore, because the PFO statute does not authorize an enhanced term that is above that maximum, any judicial fact finding under the second prong is constitutional. See Portalatin, 624 F.3d at 91.

Given the decision in Portalatin, it is now settled law in this Circuit that New York's PFO sentencing scheme complies with the Sixth and Fourteenth Amendments. Rawlins acknowledges that Portalatin is binding on this Court. (Pet'r's Mem. at 18). Accordingly, the Petition is without merit. See West v. Breslin, 410 F. App'x 393, 394-95 (2d Cir. 2011) (summary order) (affirming denial of habeas petition contesting New York's PFO statute in light of Portalatin); Kross v. Napoli, 403 F. App'x 533, 534 (2d Cir. 2010) (summary order) (same); Mason v. Duncan, No. 02 Civ. 5729, 2011 WL 2518964, at *2-3 (S.D.N.Y. June 23, 2011) (denying habeas petition challenging constitutionality of New York's PFO law).[6]

---

[6] In Mason, the district court denied a habeas corpus petition while relying on Portalatin, but granted a certificate of appealability with respect to Petitioner's Apprendi claim because of the Supreme Court's current consideration of a certiorari petition in People v. Battles, 16 N.Y.3d

11

## C. The Trial Court Applied New York's PFO Statute Consistently with Supreme Court Precedent

In addition, the trial court here applied the PFO sentencing scheme consistently with the Court of Appeals' holdings in Rosen, Rivera, and Quinones. The trial judge properly followed the two-pronged analysis required by the statute, under which a finding of recidivism on its own authorizes a court to increase a defendant's sentence. In contending that New York's PFO law is unconstitutional, Rawlins conflates the first and second prongs of the sentencing scheme. He argues that because the statute requires a judge to consider facts beyond recidivism to determine whether an enhanced sentence is warranted, the PFO law violates his rights to a jury trial and due process. (Pet'r's Mem. at 20). Yet Rawlins fails to distinguish between the factual *predicate* for recidivism in the first prong of the analysis, and the subsidiary factual findings under the second prong that "inform[] only the sentencing court's discretion." Portalatin, 624 F.3d at 91. This distinction is dispositive, given that the second prong of the PFO scheme "is a procedural requirement that is only triggered once a judge is already *authorized* to impose the class A-I sentence." Id. at 90 (emphasis in original).

The sentencing court in this case properly applied New York's PFO law by following the two-step analysis. It first adjudicated Rawlins a PFO on the grounds of his several prior felony convictions. See Rawlins, 784 N.Y.S.2d at *4-5. Following this adjudication, the trial court made a discretionary judgment that an enhanced term was warranted, premised on the subsidiary

---

54 (N.Y. 2010). 2011 WL 3251535, at *1-2. In Battles, the New York Court of Appeals upheld the constitutionality of the PFO statute. The Chief Judge dissented. 16 N.Y.3d at 59-68. As the court in Mason noted, at least one other court has granted a certificate of appealability on the issue of the constitutionality of New York's PFO statute, noting the Chief Judge's dissent and the pending certiorari petition. See Seda v. Conway, No. 07 Civ. 6609 (VEB), 2011 WL 1344240, at *8 (W.D.N.Y. Apr. 8, 2011). At this writing, the Supreme Court has not decided whether to grant the petition. Accordingly, the Court may wish to issue a certificate of appealability for these same reasons, or alternatively wait to see whether the petition in Battles is granted.

facts discussed at the hearing regarding Rawlins' drug abuse and his age. See id. at *5. According to the New York Court of Appeals' construction of the PFO law, the sentencing court was fully authorized to sentence Rawlins to a class A-I term based on its initial finding of prior felony convictions. The subsidiary facts concerning Rawlins' drug abuse and persistence in committing crimes only aided the judge "to select an appropriate sentence within those ranges authorized by statute." Portalatin, 624 F.3d at 89.

Moreover, the trial court's findings of discretionary facts under the second prong are permissible because the court sentenced Rawlins to 25 years to life—a term directly within the Apprendi maximum for New York's PFO law. As the Second Circuit has stated, "any facts that the sentencing judge considered beyond those respecting recidivism do not implicate the Sixth Amendment, for they did not—and could not—lead to a sentence in excess of that Apprendi maximum." Portalatin, 624 F.3d at 91. For all these reasons, Rawlins' adjudication and concomitant sentencing under N.Y. Penal Law § 70.10 did not violate his Sixth or Fourteenth Amendment rights.

## III. CONCLUSION

For the reasons stated above, I recommend that Rawlins' Petition for a writ of habeas corpus be DENIED.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: New York, New York
September 21, 2011

JAMES L. COTT
United States Magistrate Judge

**Copies of this Report and Recommendation have been mailed to:**

Amy Donner
Associate Appellate Counsel
The Legal Aid Society
Criminal Appeals Bureau
199 Water Street, 5th Floor
New York, New York 10038

Paul Lyons and Lisa Fleischman
Assistant Attorneys General
New York State Attorney General's Office
120 Broadway
New York, New York 10271

14